NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0980n.06
Filed: December 14, 2005

No. 04-6429

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

EZEQUIEL ESPINOSA-JIMENEZ,

    Defendant-Appellant.

On Appeal from the United States District Court for the Western District of Kentucky

_____/

**Before:**     **GUY and GIBBONS, Circuit Judges; and EDMUNDS, District Judge.**[*]

    **RALPH B. GUY, JR..**     Defendant Ezequiel Espinosa-Jimenez appeals from the sentence he received after pleading guilty to one count of conspiracy to possess with intent to distribute and to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendant argues first that the government breached the plea agreement by advocating that the district court determine his sentence based on drug quantities well in excess of the "cap" to which the parties had stipulated in the plea agreement. Review of the record convinces us that the district court did not clearly err in finding that it was the defendant, not the government, who failed to fulfill obligations under the plea agreement. Further, any error in this regard would be harmless since defendant's sentence was based on

_____

[*]The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

quantities that did not exceed the stipulated amount. Defendant also argues that the district court erred in calculating the quantity of drugs involved and by denying him a reduction in the offense level for acceptance of responsibility. We find no error and affirm.

**I.**

Defendant was charged along with his brother-in-law, Antonio Vasquez-Bahena, with one count of conspiracy to possess with intent to distribute and to distribute *more than 500 grams* of cocaine. A superceding indictment followed a few months later, charging them both with conspiracy to possess with intent to distribute and to distribute *more than 5 kilograms* of cocaine. This led to defendant's decision to enter a written plea agreement in March 2004, under which defendant pleaded guilty to the charge in the original indictment and agreed to cooperate with the government.

The terms of the plea agreement are significant to this appeal. First, the parties stipulated that "the quantity of drugs involved in this case is less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine." Second, if the government determined that the defendant failed to fulfill any obligation under the agreement, the government, in its discretion, would have "the option of being relieved of its obligations under the plea agreement." The agreement also expressly provided that if defendant were to breach the agreement, he would not be permitted to withdraw his guilty plea, the government would be free to make any sentencing recommendation, any evidence or statements from the defendant would be admissible at trial or sentencing, and the government

would be free to bring additional charges.[1]

At the change of plea hearing, the parties' understanding concerning drug quantity was explored. Defendant admitted that *at least 500 grams* of cocaine was involved; the parties confirmed that the plea agreement "capped" the amount by stipulating that *less than 5 kilograms* of cocaine was involved; and the government took the position that the offense of conviction involved *between 3½ and 5 kilograms* of cocaine. The government represented that the evidence would establish defendant's involvement in three controlled buys between Vasquez-Bahena and an informant—one 2-ounce and two 500-gram purchases of cocaine. In addition, the government subsequently intercepted and recorded conversations between defendant and Vasquez-Bahena relating to the purchase of additional quantities of cocaine. In all, the government estimated that the offense of conviction involved between 3½ and 5 kilograms of cocaine. Defendant's guilty plea was accepted.

During the proffer interview, however, defendant stated that he was involved in only *one* 500-gram cocaine deal with Vasquez-Bahena and claimed to have received only $300 for his expenses. The government took the position that defendant had failed to provide complete and truthful information as required by the plea agreement, releasing it from the stipulation as to quantity. As a result, the government sought to include an additional 25 to 30 kilograms of cocaine as relevant conduct in determining defendant's sentence. The government had connected defendant to a seemingly unrelated cocaine distribution case. Specifically, Brian Centeno, a cooperating defendant in another case, identified Espinosa-

---

[1]The plea agreement further stated that: "Whether or not defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the United States."

Jimenez as the individual who had supplied him with between 25 and 30 kilograms of cocaine.

The presentence report recommended that defendant's sentence be calculated based on at least 15 but less than 50 kilograms of cocaine. Defendant objected to this recommendation as violative of the stipulation in the plea agreement. Sentencing proceedings were held in June, October, and November 2004. After the proceedings in June, the hearing was continued and additional briefing was requested concerning the quantity of drugs attributable to defendant, the government's obligations under the plea agreement, and the impact of the recent decision in *Blakely v. Washington*, 542 U.S. 296 (2004). When the government did not file a brief, the district court entered an order central to defendant's claims on appeal.

That order, dated September 13, 2004, stated that the government had "offered no authority for its position relative to withdrawal from the stipulation within the plea agreement or the relevance of any evidence of additional quantities of cocaine" and set a new date for imposition of sentence "in accordance with the terms of the written plea agreement and in compliance with *Blakely* [], *based upon 500 grams of cocaine.*" (Emphasis added.) Defendant argues that it was error for the district court not to have imposed sentence in accordance with that order. However, additional evidence was received on these issues during subsequent proceedings in October and November 2004. In fact, defense counsel called the district court's attention to the September 13 Order and argued that the court had already resolved these issues in the defendant's favor.

Before imposing sentence on November 18, 2004, the district court expressly found

that there was "ample evidence" that defendant had not been fully forthcoming with respect to his involvement in the charged offense; that his statements and testimony were clearly at odds with the recordings of the telephone conversations between defendant and his codefendant Vasquez-Bahena; and that, as a result, defendant would not receive the adjustment for acceptance of responsibility and would be disqualified from relief under the safety valve provisions of the guidelines. Crediting the testimony of Vasquez-Bahena, the district court found the offense of conviction involved between 3½ and 5 kilograms of cocaine—an amount consistent with the stipulation in the plea agreement. Based on the defendant's "lack of candor" about his involvement, the district court further concluded that the government was released from its contractual obligations under the plea agreement. The district court nonetheless rejected Centeno's testimony as not credible and refused to include the 25 to 30 kilograms of cocaine as relevant conduct. The offense level, based on 3½ to 5 kilograms of cocaine, was 30 and resulted in a sentencing guideline range of 97 to 121 months' imprisonment. Defendant was sentenced at the bottom of that range to a term of 97 months' imprisonment, and this appeal followed.

## II.

### A.    Breach of the Plea Agreement

Defendant argues that the government breached the plea agreement by advocating that his sentence be based on relevant conduct that involved quantities of cocaine well in excess of the maximum quantity stipulated to in the plea agreement. If the government breaches a plea agreement, the breach may be remedied by requiring specific performance or permitting the defendant to withdraw the plea. *United States v. Skidmore*, 998 F.2d 372, 375 (6th Cir.

1993).  The issue of whether the government breached the agreement is reviewed de novo. *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000).

In arguing that the government breached the plea agreement, however, defendant relies on the September 13 Order to establish not only that the government was bound by the stipulation as to quantity but also that the sentence would be based on *no more than* 500 grams of cocaine.  As is clear from the recitation of the facts, this position misrepresents or at least misapprehends the record.  Rather, free to revisit its own orders, the district court made a determination based on the evidence presented that defendant failed to fulfill his obligation under the plea agreement to provide complete and truthful information concerning the offense of conviction.  Defendant does not directly challenge or even acknowledge this determination, which we find was supported by the record.

Defendant does not dispute that he maintained during the proffer interview that he was involved in only *one* 500-gram cocaine transaction with Vasquez-Bahena.  Also, although defense counsel filed a sentencing memorandum conceding that defendant had supplied the cocaine for all three controlled purchases, that concession was later contradicted by defendant's own testimony during the sentencing proceedings that followed. Ultimately, the district court seemed to accept the defendant's equivocal admission of involvement in the three controlled purchases, but found that it was "pretty clear that his involvement [was] in excess of the two half kilograms plus 2 ounces that he has owned up to so far, and that the telephone recordings show dealing in more than that."  The district court found the defendant had not been fully forthcoming or truthful about his conduct and, crediting the testimony of Vasquez-Bahena, concluded that the defendant's offense involved between 3½ and 5

kilograms of cocaine.  Referring to the earlier finding "with respect to the [d]efendant's lack of complete candor here in his description of his involvement," the district court concluded that the government was "released from its contractual obligation under the plea agreement."

We find the district court did not err in determining that the government was released from the stipulation as to quantity by defendant's failure to provide complete and truthful information concerning the offense of conviction.  Therefore, the government did not breach the plea agreement by arguing that the district court should include the additional 25 to 30 kilograms of cocaine allegedly supplied to Centeno as relevant conduct in calculating the sentencing guideline range.  Moreover, because the district court rejected that evidence, defendant's sentence was in fact based on quantities that did not exceed the stipulated amount.

## B.       Sentencing Guideline Calculation

First, relying again on the September 13 Order, defendant argues that the district court erred by failing to impose sentence in accordance with the plea agreement *based upon 500 grams of cocaine*.  It is abundantly clear that the plea agreement stipulated only that the quantity involved was *less than 5 kilograms* and that the statement in the September 13 Order concerning quantity was not the district court's final determination of the issue.  The district court specifically found that the quantity involved in the offense of conviction was between 3½ and 5 kilograms of cocaine, which does not exceed the stipulated amount in the plea agreement.  Defendant does not otherwise challenge the finding as to quantity.

Second, defendant contends that the district court erred when it denied him a two-level reduction in the offense level for acceptance of responsibility under USSG § 3E1.1(a)

(2003).[2]  The defendant bears the burden of proving by a preponderance of the evidence that he merits a reduction for acceptance of responsibility.  *United States v. Benjamin*, 138 F.3d 1069, 1075 (6th Cir. 1998).  In determining whether to grant a reduction, the appropriate considerations include:

> truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).  Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a).  A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection.  However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]

USSG § 3E1.1, comment. n. 1(a).  The district court's determination on this issue is reviewed for clear error.  *United States v. Webb*, 335 F.3d 534, 536-38 (6th Cir. 2003).

Defendant argues on appeal that it was error to consider his silence regarding the alleged relevant conduct in denying him the reduction for acceptance of responsibility.  As alluded to earlier, the district court did not reference the relevant conduct in denying him this reduction.  Instead, the focus was on the defendant's failure to be truthful concerning the extent of his involvement in the offense of conviction.  That is, the district court found defendant's testimony and statements were "at odds" with the recordings of the intercepted telephone conversations between him and Vasquez-Bahena.  The district court explained

---

[2]The presentence report recommended an additional one-level reduction under USSG § 3E1.1(b), which applies "[i]f the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently[.]"

that it's pretty clear that his involvement is in excess of the two half kilograms plus 2 ounces that he has owned up to so far, and that the telephone recordings show dealing in more than that.

So, I am going to hold that the [d]efendant has not been fully forthcoming, and not fully truthful in his rendition of what he said he did, and his conduct here.

Now that's going to have the effect of disqualifying him from the safety valve on the sentence to be imposed here. It is also going to disqualify him for acceptance points. As to quantity, we have testimony that I think is credible from the codefendant here, Vasquez-Bahena, that there is involvement here of this [d]efendant of somewhere between three and a half to five kilograms.

The district court identified the base offense level and guideline range, which the district court again noted "would not be reduced by any acceptance points and would not be reduced by the safety valve." Having made this determination, the district court then turned to the question of the alleged relevant conduct—the additional 25 to 30 kilograms testified to by Centeno—and rejected it.

Given the rejection of the evidence concerning relevant conduct and the focus on defendant's involvement in the offense of conviction, we are satisfied that the district court did not penalize defendant for his lack of cooperation by denying him the reduction for acceptance of responsibility. Rather, the record demonstrates that the district court's denial was based on defendant's failure to truthfully admit the conduct involved in the offense of conviction. Accordingly, we find that the district court did not clearly err in denying defendant a reduction in the offense level for acceptance of responsibility.

**AFFIRMED.**